KENT MARKUS, OH Bar #16005
Enforcement Director
LAURA SCHNEIDER, NY Bar #2715449
(Phone: 202-435-7311)
(Email: Laura.Schneider@cfpb.gov)
CRYSTAL R. SUMNER, CA Bar #261435
(Phone: 202-435-7549)
(Email: Crystal.Sumner@cfpb.gov)
JAMES MEADE, DC Bar # 414732
(Phone: 202-435-9202)
(Email: James.Meade@cfpb.gov)

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

KENT KAWAKAMI, CA Bar #149803 – Local Counsel
(Phone: 213-894-4858)
(Email: Kent.Kawakami@usdoj.gov)
United States Attorney's Office
Central District of California - Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Fax: (213) 894-2380

Attorneys for Plaintiff
Consumer Financial Protection Bureau

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>    Plaintiff,<br><br>v.<br><br>Chance Edward Gordon, et al.<br><br>    Defendants. | Case No. CV12-6147-RSWL (MRWx)<br><br>**PLAINTIFF'S SUPPLEMENT TO ITS OPPOSITION TO MOTION FOR LEAVE TO INTERVENE ON BEHALF OF MARIA ESTRADA**<br><br>**April 22, 2013**<br>**1:30 P.M.**<br>**Courtroom 15**<br>**Hon. Percy Anderson** |

# BACKGROUND

Plaintiff, the Consumer Financial Protection Bureau ("CFPB" or "Bureau"), respectfully submits this supplement to its opposition to the Motion for Intervention as a Matter of Right of Maria Estrada ("Estrada"). When the Bureau filed its initial opposition on March 29, 2013(Docket Entry "DE" 113), the Court's notice of electronic filing system indicated that Estrada had filed her *pro se* Motion for Intervention as a Matter of Right (DE 109), Proposed Order (DE 109-1), Proof of Service (DE 110), and Notice of Interested Parties (DE 111). Although Estrada's motion referred to a Memorandum of Points and Authorities, no notice of electronic filing of such document was sent, no such document appeared on PACER, and no such document had been served on the Bureau. However, on April 1, 2013, at 2:46 p.m. EDT, Plaintiff received a notice of electronic filing from the Central District of California's ECF system, stating that Estrada's Memorandum (DE 114) "was entered on 4/1/2013 at 11:46 AM PDT and filed on 3/20/2013." The Bureau's supplemental opposition addresses the argument raised by Estrada in that filing.

### I.  ESTRADA HAS NOT SHOWN THAT SHE IS ENTITLED TO INTERVENE UNDER RULE 24(a).

In her Memorandum, Estrada states that a small claims court judgment was entered in her favor against Defendant Chance E. Gordon on December 10, 2012, in the amount of $4,000, "for defrauding me in connection with mortgage-related services." (DE 114 at 4). She alleges that she "has a significant protectable interest relating to the property or transaction that is the subject of the action" and that "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." *Id*.

Thus, it appears that Estrada's only interest in this proceeding is to enforce a monetary judgment she holds against Gordon. However, the interest of a judgment creditor in property owned by a party to a federal lawsuit is not a "significant protectable interest" within the meaning of Fed. R. Civ. P. 24. In *U.S. v. Alisal*, the Ninth Circuit held that the interest of a judgment creditor seeking intervention under Rule 24 must be

"related to the subject matter of the litigation . . . ," and that an "allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention." *U.S. v. Alisal*, 370 F.3d at 918, 920.

Whatever the merits of Estrada's grievances against Gordon, they have already been adjudicated in another forum, and all that remains for her to do is to enforce her judgment. Estrada has not asserted a cause of action in this proceeding and has failed to comply with Fed. R. Civ. P. 24(c), which clearly provides that an applicant's motion to intervene must include "a pleading that sets out the claim or defense for which intervention is sought." Allowing Estrada to intervene in this action would serve no purpose, because her interest in collecting a judgment she has already obtained does not meet the "significant interest" requirement of Rule 24. Moreover, allowing her to intervene would, as the court cautioned in *Alisal*, "create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded." *See U.S. v. Alisal*, 370 F.3d at 918, 920.

## CONCLUSION

Because Estrada has failed to state a proper basis for intervention under Fed. R. Civ. P. 24(a), her motion should be denied.

Dated: April 3, 2013                    Respectfully Submitted,


                                               /s/ James Meade
                                              Laura Schneider
                                              Crystal Sumner
                                              James Meade

                                              Attorneys for Plaintiff
                                              Consumer Financial Protection Bureau

## PROOF OF SERVICE BY MAIL AND ELECTRONIC MAIL

I hereby certify that on April 3, 2013, **Plaintiff's Supplemental Opposition to the Motion for Intervention as a Matter of Right of Maria Estrada** was filed electronically and served upon the parties and/or counsel via e-mail to all parties by operation of the court's electronic filing system, including:

    Gary Kurtz, Esq.        gary@garykurtzlaw.com
    Kent A. Kawakami     kent.kawakami@usdoj.gov
    Gary O. Caris          gcaris@mckennalong.com

I also certify that I caused a true and correct copy of the foregoing to be placed in a sealed envelope for collection and mailing this date consistent with Plaintiff's ordinary business practice, so that it will be picked up this date with first-class postage thereon fully prepaid at Washington, D.C., in the ordinary course of business, addressed to:

    Maria Estrada
    1010 E. 45th Street
    Los Angeles, CA 90011

I declare upon the penalty of perjury that the foregoing is true and correct.

    Executed on April 3, 2013, at Washington, D.C.

                                            /s/Laura Schneider