Christopher A Darden, Esq. SBN 94959
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064

Telephone: 310-444-3099
Telefax: 310-444-3098
E-Mail: dardenatty@aol.com

Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

CHANCE EDWARD GORDON, *et al.*

Defendants

CASE NO.: CV12-06147-RSWL (MRW)

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Chance Edward Gordon, Defendant in the above named case, hereby appeals to the Ninth Circuit Court of Appeals the following items:

1. The Order of Hon. Percy Anderson granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment or, in the Alternative, for Summary Adjudication, entered in this action on June 26, 2013 (ECF No. 180); and

2. The Final Judgment entered in this action on July 26, 2013 (ECF No. 188) and the portions of all orders underlying that judgment that were adverse to Gordon, a copy of which is attached hereto and incorporated herein by reference.

Dated August 23, 2013

Respectfully submitted,

By: ______________________
CHRISTOPHER A DARDEN
Attorney for Defendant Chance E. Gordon

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 1 of 14 Page ID #:<pageID>

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

CHANCE GORDON, et al.,

Defendants.

No. CV 12-6147 RSWL (MRWx)

FINAL JUDGMENT AND PERMANENT INJUNCTION

In a June 26, 2013 Minute Order, the Court granted the Motion for Summary Judgment filed by plaintiff Consumer Financial Protection Bureau ("CFPB" or "Bureau") and denied the Motion for Summary Judgment filed by defendants Chance Gordon and The Gordon Law Firm, P.C. (collectively, the "Gordon Defendants"), and concluded that the CFPB was entitled to a Judgment and Permanent Injunction. Pursuant to the June 26, 2013 Minute Order and the Stipulated Final Judgment and Order for Permanent Injunction issued on February 2, 2013, which resolved the claims asserted against all other defendants named in this action, it is hereby ORDERED, ADJUDGED, AND DECREED that:

A. For purposes of this Final Judgment and Permanent Injunction, the following definitions shall apply:

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 2 of 14 Page ID #:<pageID>

1. "Assets" means any legal or equitable interest in, right to or claim to any real, personal, or intellectual property, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, trusts, and all cash.

2. "Assisting others" includes, but is not limited to:

a. performing customer service functions including, but not limited to, receiving or responding to consumer complaints;

b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

d. providing names of, or assisting in the generation of, potential customers;

e. performing marketing, billing, or payment services of any kind; and

f. acting or serving as an owner, officer, director, manager, or principal of any entity.

3. "Consumer financial product or service" is synonymous in meaning and equal in scope to the definitions of the term in section 1002(5) and (15)

of the CFPA, and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

a. extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions);

b. providing real estate settlement services or performing appraisals of real estate or personal property;

c. collecting, analyzing, maintaining, or providing consumer report information or other account information, including information relating to the credit history of consumers, used or expected to be used in connection with any decision regarding the offering or provision of a consumer financial product or service; and

d. collecting debt related to any consumer financial product or service.

4. "Debt relief product or service" means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, including but not limited to a tax debt or obligation, between a person and one or more creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

5. "Defendants" means Chance Edward Gordon, The Gordon Law Firm, P.C., Abraham Michael Pessar, Division One Investment and Loan, Inc., and Processing Division, L.L.C., individually, collectively, or in any combination, and each of them by whatever names each might be known.

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 4 of 14 Page ID #:<pageID>

6. "Federal homeowner relief or financial stability program" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to:

a. the Making Home Affordable Program;

b. the Financial Stability Plan;

c. the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury;

d. the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration;

e. any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any HUD-approved housing counseling agency;

f. the claims program mandated by the February 2012 settlements entered into by state attorneys general, the federal government, and five mortgage servicers (www.nationalmortgagesettlement.com); or

g. the Independent Foreclosure Review program mandated by the April 2011 settlements entered into by the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Office of Thrift Supervision, and fourteen mortgage servicers (www.IndependentForeclosureReview.com).

7. "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

8. "Mortgage assistance relief product or service" means any product, service, plan, or program, offered or provided to the consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following:

a. stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession;

b. negotiating, obtaining, or arranging a modification of any term of dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees;

c. obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan;

d. negotiating, obtaining, or arranging any extension of the period of time within which the consumer may (i) cure his or her default on a dwelling loan, (ii) reinstate his or her dwelling loan, (iii) redeem a dwelling, or (iv) exercise any right to reinstate a dwelling loan or redeem a dwelling;

e. obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or

f. negotiating, obtaining, or arranging (i) a short sale of a dwelling, (ii) a deed in lieu of foreclosure, or (iii) any other disposition of

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 6 of 14 Page ID #:<pageID>

a dwelling loan other than a sale to a third party that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application.

9. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

10. "Temporary Receiver" means Robb Evans & Associates, 11450 Sheldon Street, Sun Valley, CA 91352-1121.

11. The words "and" and "or" shall be understood to have both conjunctive and disjunctive meanings as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

B. The Gordon Defendants, whether acting directly or through any other person, are permanently restrained, enjoined, and prohibited from directly or indirectly engaging in any conduct in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564, & 5565, and the Mortgage Assistance Relief Services Rule ("Regulation O"), 12 C.F.R. § 1015. Specifically, but without limitation to the other provisions of the CFPA and Regulation O, the Gordon Defendants, whether acting directly or through any other person, corporation, subsidiary, division, or other entity, are permanently restrained, enjoined, and prohibited from:

1. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

a. The terms or rates that are available for any loan or other extension of credit;

b. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 7 of 14 Page ID #:<pageID>

c. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

d. The amount of savings a consumer will receive from purchasing, using, or enrolling in such consumer financial product or service;

e. That a consumer will have a reduction or cessation of collection calls as a result of purchasing, using, or enrolling in such consumer financial product or service;

f. Any aspect of the terms of any refund, cancellation, exchange, or repurchase policy, including but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

g. That a consumer will receive legal representation;

h. That any person providing a testimonial has purchased, received, or used the specific consumer financial product or service;

i. That the experience represented in a testimonial of the consumer financial product or service represents the person's actual experience resulting from the use of the consumer financial product or service under the circumstances depicted in the advertisement;

j. The total costs to purchase, receive, or use, or the quantity of, the consumer financial product or service, including that there will be no charge for all or a portion of such service;

k. That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 8 of 14 Page ID #:<pageID>

federal homeowner relief or financial stability program, public, non-profit, or other non-commercial program, or any other program;

l. Any material restriction, limitation, or condition to purchase, receive, or use the consumer financial product or service; and

m. Any material aspect of the performance, efficacy, nature, or characteristics of the consumer financial product or service.

2. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender; and

3. Advising a customer that the customer cannot or should not contact, communicate with, or make payments to the customer's lender or servicer.

C. For a period of three (3) years from the date of entry of this Final Judgment and Permanent Injunction, the Gordon Defendants, whether acting directly or through any other person, are restrained, enjoined, and prohibited from:

1. Advertising, marketing, promoting, offering for sale, selling, or providing any mortgage assistance relief product or service or debt relief product or service; and

2. Assisting others engaged in advertising, marketing, promoting, offering for sale, selling, or providing any mortgage assistance relief product or service or debt relief product or service.

Provided, that sections C.1. and C.2. shall not prohibit the Gordon Defendants from practicing law under the laws of a state in which they are licensed to practice law in connection with topics other than mortgage assistance relief products or services or debt relief products or services, including the closing and execution of real estate transactions. Nothing in this Final Judgment and Permanent Injunction shall be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or state bar.

D. The Gordon Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

1. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person that any Gordon Defendant obtained prior to entry of this Final Judgment and Permanent Injunction in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage assistance relief product or service or any debt relief product or service; and

2. Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Final Judgment and Permanent Injunction. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

Provided, however, that prior to destroying any customer information, the Gordon Defendants must disclose such information to the Bureau; and that prior to destroying any customer information, the Gordon Defendants may disclose such information to the extent requested by a government agency or required by a law, regulation, or court order.

E. The Gordon Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment and Permanent Injunction by personal service, facsimile

transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment from any consumer who purchased or agreed to purchase mortgage assistance relief products or services from Defendants.

F. A judgment for equitable monetary relief is hereby entered in favor of the Bureau and against the Gordon Defendants, jointly and severally, in the amount of eleven million, four hundred and three thousand, three hundred and thirty-eight dollars and sixty-three cents ($11,403,338.63), with post-judgment interest at the legal rate. The monetary judgment set forth in this Section is immediately due and payable upon entry of this Final Judgment and Permanent Injunction and is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, the Gordon Defendants.

1. In partial satisfaction of the judgment as set forth in Section F above, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls or maintains accounts or assets of, on behalf of, or for the benefit of, the Gordon Defendant shall turn over such account or asset to the Bureau or its designated agent within ten (10) business days of receiving notice of this Final Judgment and Permanent Injunction by any means, including but not limited to via facsimile or email.

2. In partial satisfaction of the judgment as set forth in Section F above, this Final Judgment and Permanent Injunction grants to the Bureau all rights and claims to the Gordon Defendants' frozen assets previously held in the Receivership Estate (as that term is defined in the Court's November 16, 2012 Preliminary Injunction), which have been transferred into the Court Registry ("Gordon Funds"), and the Gordon

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 11 of 14 Page ID #:<pageID>

Defendants shall forfeit any rights to the Gordon Funds, including but not limited to:

a. Funds that were previously held in Account Number XXXX2671at JP Morgan Chase Bank;

b. Funds that were previously held in Account Numbers XXXX4761 and XXXX1715 at Wells Fargo N.A.;

c. Funds that were previously held in Account Numbers XXXX7322 and XXXX1558 at Bank of America N.A.;

d. Funds that were previously held in Account Number XXXX5618 at Bank of the West;

f. Funds that were previously held in Account Number XXXX6388 at Meracord;

g. Funds that were previously held in Account Number XXXX3254 at Orange County Business Bank;

h. Funds from a cashier's check issued to the Gordon Law Firm in the amount of $35,000;

i. Funds obtained from the sale by the Temporary Receiver of furniture and office equipment located at 5455 Wilshire Boulevard, Suites 2005, 2011, 2012, and 2025, Los Angeles, CA 91210, which amount is approximately $4,653.19;

j. Any other funds held by or deposited into the Court Registry by the Temporary Receiver.

3. Pursuant to Section F.2. above, the administrator of the Court Registry shall, within ten (10) days of receiving notice of this Final Judgment and Permanent Injunction, by any means, including but not limited to email or facsimile, wire transfer the Gordon Funds to the Bureau or to such agent as the Bureau may direct.

Case 2:12-cv-06147-RSWL-MRW Document 188 Filed 07/26/13 Page 12 of 14 Page ID #:<pageID>

4. Any Gordon Funds received by the Bureau in satisfaction of the judgment in Section F above shall be deposited into a fund or funds administered by the Bureau or its agent in accordance with applicable statutes and regulations to be used for redress for consumers injured by the activities alleged in the Complaint, including, but not limited to, refunds of monies, restitution, damages or other monetary relief, and any attendant expenses for the administration of any such redress.

a. The Gordon Defendants shall cooperate fully to assist the Bureau in identifying consumers who should receive redress and in what amount.

b. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau may apply any remaining funds for such other equitable relief (including consumer information remedies) as determined to be reasonably related to the practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the U.S. Treasury as disgorgement. The Gordon Defendants shall have no right to challenge the Bureau's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the Bureau.

c. The judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

G. In the event of any default on the Gordon Defendants' obligation to make payment required by this Final Judgment and Permanent Injunction, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue on any outstanding amounts not paid

from the date of default to the date of payment, and shall immediately become due and payable.

H. The Gordon Defendants shall relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. The Gordon Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

I. In accordance with 31 U.S.C. § 7701, the Gordon Defendants, unless they have already done so, shall furnish to the Bureau their taxpayer identifying numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

J. Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning any of the Gordon Defendants to the Bureau, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Final Judgment and Permanent Injunction.

K. The Gordon Defendants shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to, payment made pursuant to any insurance policy, with regard to any monetary relief that the Gordon Defendants pay pursuant to this Final Judgment and Permanent Injunction.

L. The Gordon Defendants shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any monetary relief that the Gordon Defendants pay pursuant to this Final Judgment and Permanent Injunction.

M. Upon the transfer of funds pursuant to Sections F.1. and F.2. of this Final Judgment and Permanent Injunction, the freeze of the Gordon Defendants' assets pursuant to the Preliminary Injunction entered on November 16, 2012, shall be dissolved.

N. The Gordon Defendants shall, within seven (7) days of entry of this Final Judgment and Permanent Injunction, submit to the Bureau an acknowledgment of receipt of this Final Judgment and Permanent Injunction sworn under penalty of perjury.

O. Unless otherwise directed by a Bureau representative in writing, all submissions to the Bureau pursuant to this Final Judgment and Permanent Injunction must be emailed to enforcement@cfpb.gov or sent by certified mail or commercial overnight courier to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW, ATTN: 1750 PA
Washington, DC 20552
ATTN: Office of Enforcement

The subject line must begin: RE: CFPB v. Gordon, et al.

Unless otherwise directed in writing by a Bureau representative, all communication by the Gordon Defendants to the Bureau and Bureau representatives must be directed to such representatives at the above address, or to Bureau counsel at counsel's Bureau email address or Bureau telephone number listed in the Court's records for this action.

P. This Judgment and Permanent Injunction may be served upon the Gordon Defendants by electronic mail, certified mail, or commercial overnight courier, or any representative or agent of the Bureau.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

DATED: July 26, 2013

Percy Anderson
UNITED STATES DISTRICT JUDGE

## Certification

I hereby certify that, on August 22, 2013 a copy of the foregoing **NOTICE OF APPEAL** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated: August 23, 2013

CHRISTOPHER A DARDEN