JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>Chance Edward Gordon, et al.<br><br>Defendants. | Case No. CV12-6147-PA (MRWx)<br><br>**ORDER ENTERING FINAL JUDGMENT AGAINST CHANCE E. GORDON**<br><br>**Courtroom 9A**<br>**Hon. Percy Anderson** |

On April 14, 2016, the Ninth Circuit affirmed in part, and vacated and remanded in part, the Final Judgment and Permanent Injunction (Dkt. No. 188) entered by this Court. Specifically, the Ninth Circuit ordered this Court to consider whether it was appropriate to include in the Judgment against defendant Chance Gordon ("Gordon") "money that Gordon earned in the time period prior to the enactment or effectiveness of Regulation O and the relevant portions of the CFPA." The Ninth Circuit upheld the remainder of the Final Judgment and Permanent Injunction and issued its Mandate on August 1, 2016. On December 12, 2016, this Court determined that Gordon and his related entities collected $8,606,280.86 in fees after the December 29, 2010 effective date of Regulation O (Dkt. No. 215).

Therefore, after consideration of the briefs, exhibits, memoranda of the parties, and the entire record in this matter, the Court enters the following Final Judgment Order against Gordon, which incorporates by reference the Court's July 26, 2013 Final Judgment and Permanent Injunction against Gordon (Dkt. No. 188).

**IT IS HEREBY ORDERED** that:

A. A judgment for equitable monetary relief is entered in favor of the Bureau and against Gordon in the amount of $8,606,280.86.

B. Within 10 days of this Order, Gordon must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $8,606,280.86 in full satisfaction of the judgment as ordered in Paragraph A. The monetary judgment set forth in this section is immediately due and payable upon entry of this order and is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for Gordon.

C. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for injured consumers, including, but not limited to, refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress. If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable, or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Gordon will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

All provisions of the Final Judgment and Permanent Injunction (Dkt. No. 188) other than the amount stated in Paragraph F of that order remain in effect.

IT IS SO ORDERED:

Dated: December 19, 2016  _____
United States District Judge